IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GWEN ANDERSON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACT. NO. 1:14cv920-CSC |
| | )        (WO) |
| DOLGENCORP, LLC, | ) |
| | ) |
|    Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion to dismiss (Doc. 4) filed by the Defendant, Dolgencorp, LLC. (Doc. 4). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment. The court has reviewed Dolgencorp's response (Doc. 12) to this court's order to show cause why diversity jurisdiction exists (Doc. 11), and the court concludes that the parties are diverse and that it has subject matter jurisdiction over all claims in this action. For the reasons stated in this memorandum opinion, the court concludes that the motion to dismiss is due to be granted and that the Plaintiff's claims are due to be dismissed with prejudice.

**I.  Standard of Review**

Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to

legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; see also *Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. See *Iqbal*, 556 U.S. at 679 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and emphasis omitted).

In *Iqbal*, the Supreme Court reiterated that although Fed. R. Civ. P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss.  *Id*. at 679.  The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 556 U.S. at 570.

## II.   Facts and Procedural History

On July 28, 2014, Gwen Anderson filed a verified complaint against Dolgencorp, LLC, in the Circuit Court of Geneva County, Alabama. (Doc. 1-5).  The complaint was also signed by Letta Dillard Gorman, who is representing Anderson in this action. (Doc. 1-5 p. 12).  On September 4, 2014, Dolgencorp removed the action to this court. (Doc. 1).

In her complaint, Anderson alleges that, on July 13, 2013, she and her grandmother went shopping at a Dollar General Store in Hartford, Alabama. (Doc. 1-5 ¶ 8).  Anderson attempted to make her purchase with an EBT card,[1] but the store's electronic card reader could not read the card because it was torn from wear. (Doc. 1-4 ¶ 11).  The clerk attempted several times to process the card and remarked that Anderson may need to get a new card. (Doc. 1-4 ¶ 13).  A Caucasian store manager yelled out that Anderson should "get a job." (Doc. 1-4 ¶ 14).  Anderson argued that the manger "did not know her," but the manager continued to explain that if Anderson had used the card long enough to tear it, she should get

---

[1]An Electronic Benefit ("EBT") Card is a card used to issue food stamp benefits to recipients, who can then use the EBT card to make purchases using those benefits in a manner similar to using a debit card. *See* 7 U.S.C. § 2016(h) (providing for the implementation of the EBT system).

3

a job. (Doc. 1-4 ¶¶ 15-17). The manager complained that she herself did not qualify for food stamps. (Doc. 1-4 ¶ 18). Anderson "got very upset and embarrassed and left the store in tears." (Doc. 1-4 ¶ 19).

Subsequently, Anderson telephoned the Hartford Dollar General Store and the Dollar General corporate office. (Doc. 1-4 ¶¶ 20-22). The Hartford Dollar General Store manager and the Dollar General District Manager apologized to Anderson for the incident. (Doc. 1-4 ¶ 20-22).

Later, "over ten" Hartford residents told Anderson that they had been subjected to racial discrimination while in the Hartford Dollar General Store. (Doc. 1-4 ¶ 23). In addition, several African-American Dollar General employees told Anderson that they were subjected to adverse employment actions because of their race. (Doc. 1-4 ¶ 24).

Anderson now suffers "extreme depression and anxiety" because of the incident at the store, for which she has had to undergo psychological treatment. (Doc. 1-4 ¶¶ 25-26). Her depression and anxiety caused her to lose a significant amount of weight, and she "cannot stop crying over the incident and feels everyone has been talking about her in the community." (Doc. 1-4 ¶¶ 28-29). Anderson has not been able to shop in the Dollar General Store since the incident. (Doc. 1-4 ¶ 27).

### III.   Discussion

Dolgencorp, incorrectly named in the complaint as "Dollar General Stores Corp.," is the corporate entity responsible for the Hartford Dollar General Store. (Doc. 1; Doc. 12).

Anderson alleges that Dolgencorp is liable to her for racial discrimination in violation of "the Alabama Human Rights Act ('AHRA')," for intentional infliction of emotional distress, and for negligent hiring, supervision, training, and retention of one or more employees. (Doc. 1-4 ¶¶ 1, 31-47).

### A.     Alabama Human Rights Act

Dolgencorp argues that Anderson's claim for racial discrimination under the Alabama Human Rights Act ("AHRA") is due to be dismissed because there is no such thing as an "Alabama Human Rights Act." According to the complaint, the AHRA is a statute that prohibits anyone engaging in "racial discrimination" that "denie[s]" a person "the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship between" a customer and a store, "and the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by Caucasian citizens." (Doc. 1-4 ¶ 36).

The court is mindful that "[a]ll pleadings shall be so construed as to do substantial justice." Fed. R. Civ. P. 8(f). However, the court is unable to conclude that Anderson has simply mislabeled a claim brought pursuant 42 U.S.C. § 1981 as a claim for a violation of the "Alabama Human Rights Act." She previously filed an almost-identical complaint in this court in which she labeled what is now the "AHRA" claim as a claim pursuant to § 1981. *See Anderson v. Dollar Gen. Stores Corp.*, 1:14-cv-00144-WKW-CSC (March 5, 2014 Complaint, Doc. 1 ¶¶ 31-37). Like the complaint in this case, the previously-filed complaint was also signed by Letta Dillard Gorman, who represented Anderson in that case; thus, prior

5

to filing a complaint in Geneva Circuit Court, both Gorman and Anderson would have known that judgment was entered in favor of Dolgencorp on Anderson's § 1981 claim on grounds that the complaint failed to state sufficient facts to support such a claim.[2] *Anderson v. Dollar Gen. Stores Corp.*, 1:14-cv-00144-WKW-CSC (May 19, 2014 Memorandum Opinion and Order (Doc. 14) and final judgment (Doc. 15)).  Accordingly, the court concludes that Anderson did not intend to file a claim under § 1981 in the Circuit Court of Geneva County.

The court is also mindful of the fact that a complaint filed by an attorney in an Alabama court bears the signature of that attorney, which "constitutes a certificate by the attorney that the attorney has read the pleading" and "that to the best of the attorney's knowledge, information, and belief there is good ground to support it." Ala. R. Civ. P. 11(a). The court is also mindful that, "[f]or a willful violation of this rule[,] an attorney may be subjected to appropriate disciplinary action." *Id*.  Therefore, the idea that an attorney would file a complaint in the Geneva Circuit Court seeking damages for violation of a statute that does not exist seemed so bizarre that the court attempted to determine not only whether any "Alabama Human Rights Act" exists, but also whether such a statute had ever been proposed in the Alabama legislature or even theoretically discussed by academics.  Not only was the court unable to find any reference the "Alabama Human Rights Act" in the Alabama Code

---

[2] Anderson's state law tort claims were dismissed "without prejudice" in the previously-filed action. In the introduction to her complaint in that action, she "allege[d] violations of the Plaintiffs' [sic] Civil Rights based on race under 42 U.S.C. § 1981 and the Alabama Human Rights Act (AHRA)," but she did attempt to state a claim under the "AHRA" anywhere in the body of the complaint. *Anderson v. Dollar Gen. Stores Corp.*, 1:14-cv-00144-WKW-CSC (March 5, 2014 Complaint, Doc. 1 ¶¶ 1, 31-47).

or in Alabama case law or in the available database of legal journals and periodicals, but the court found only one reference[3] to such a statute anywhere on the internet, and that reference is clearly a mistake and does not appear to have any rational relationship to the claims in this case.

Thus, the court concludes that the "Alabama Human Rights Act" is the sole invention of Letta Dillard Gorman, the attorney who filed the complaint in this case.

Anderson, represented by Gorman, now concedes that her "Alabama Human Rights Act" claim is due to be dismissed. (Doc. 7 ¶ 3). Accordingly, Anderson's claim for "violation" of the "Alabama Human Rights Act" is due to be dismissed with prejudice. *See Iqbal*, 556 U.S. at 679 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.").

**B.     Intentional Infliction of Emotional Distress**

In her complaint, Anderson alleges that Dolgencorp's "conduct alleged herein" constituted intentional infliction of emotional distress. (Doc. 1-4 ¶ 43). Anderson's claim for intentional infliction of emotional distress is due to be dismissed because she fails to state with any particularity which facts support her assertion that Dolgencorp intentionally inflicted emotional distress. *Iqbal*, 556 U.S. at 678 (holding that, while Fed. R. Civ. P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Twombly*, 550 U.S. at 555 ("While a

---

[3] http://www.lawinsider.com/contracts/4gqC4NUxO9k3tWguo3Ilrt/thomas-betts/separation-agreement-and-general-release/2007-12-21.

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (citations omitted)).

Further, none of the alleged emotionally-distressing acts stated anywhere in the complaint, even if attributable to Dolgencorp, can support a claim for intentional infliction of emotional distress under Alabama law. The alleged comments of the manager were offensive and rude, but Alabama law "'does not recognize recovery for mere insults, indignities, threats, annoyances, petty oppressions, and other trivialities.'" *Little v. Robinson*, 72 So. 3d 1168, 1172 (Ala. 2011) (quoting *Amer. Road Serv. Co. v. Inmon*, 394 So. 2d 361, 364-65 (Ala. 1980)). Rather, the tort of intentional infliction of emotional distress arises only from conduct "'so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.'" *Little*, 72 So. 3d at 1172 (quoting *Inmon*, 394 So. 2d at 365). Thus, in Alabama, "[t]he tort of outrage is an extremely limited cause of action." *Potts v. Hayes*, 771 So. 2d 462, 465 (Ala. 2000). It has been recognized only in regard to extreme forms of conduct such as wrongful conduct in the family-burial context, the use of barbaric methods to coerce an insurance settlement, egregious sexual harassment, and in the case of a doctor who prescribed addictive substances for a young man and then sexually abused the young man over a period of years in exchange for continuing to provide the addictive prescriptions.

*Id.*; *O'Rear v. B.H.*, 69 So. 3d 106 (Ala. 2011).  While this is not to say that the tort of outrage may not be recognized in other circumstances, the alleged comments of the Dollar General manager in this case are not even remotely similarly "extreme," "outrageous," "atrocious and utterly intolerable in a civilized society."  *Potts*, 72 So. 3d at 1172-73.

Anderson now acknowledges that her claim for intentional infliction of emotional distress is due to be dismissed.  (Doc. 7 ¶ 3).

Accordingly, Anderson's claim for intentional infliction of emotional distress is due to be dismissed with prejudice.

**C.     Negligent Hiring, Supervision, Training, and Retention**

In her complaint, Anderson alleges that Dolgencorp breached "a legal duty to hire, supervise, train or retain competent employees," and that she "suffered embarrassment, humiliation, anxiety, pain and suffering, and sever[e] emotional distress . . . as a direct result of [Dolgencorp's] breach of its duty."  (Doc. 1-4 ¶¶ 37-40).

Anderson's claim for "negligent hiring, supervision, training, and retainment" is due to be dismissed because she fails to state with any particularity which facts support her assertion that Dolgencorp negligently hired, supervised, trained, or retained "[in]competent employees."  *Iqbal*, 556 U.S. at 678. (holding that Fed. R. Civ. P. 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Twombly*, 550 U.S. at 555 (holding that, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege sufficient facts to state the grounds of his entitlement to relief, and that mere "labels and conclusions"

or "a formulaic recitation of the elements of a cause of action" will not suffice).

Further, Anderson admits that she has cannot state a claim for intentional infliction of emotional distress, and nowhere in the complaint is there any indication that any other torts were allegedly committed by Dolgencorp employees. In Alabama, "implicit in the tort of negligent hiring, retention, training, and supervision is the concept that, as a consequence of the employee's incompetence, the employee committed some sort of act, wrongdoing, or tort that caused the plaintiff's injury." *Ex parte Transp. Leasing Corp.*, 128 So.3d 722, 728 (Ala. 2013). In other words, Anderson herself recognizes (Doc. 7 ¶¶ 6-7), "[i]n order to establish a claim against an employer for negligent supervision, training, and/or retention, the plaintiff must establish that the allegedly incompetent employee committed . . . [a] tort." *Jones Express, Inc. v. Jackson*, 86 So. 3d 298 (Ala. 2010) (quoting *Thrasher v. Ivan Leonard Chevrolet, Inc.*, 195 F. Supp.2d 1314, 1320 (N.D. Ala. 2002)). Because Anderson cannot maintain a claim that any of Dolgencorp's employees committed a tort that injured her, she cannot state a claim for negligent hiring, supervision, training, or retention.

Accordingly, Anderson's claim for negligent hiring, training, supervision, and retention of employees is due to be dismissed with prejudice.

### IV.   Conclusion

Accordingly, and for the reasons stated, it is

**ORDERED** and **ADJUDGED** as follows:

1.  that the Defendant's motion to dismiss (Doc. 4) be and is hereby **GRANTED**;

2.       that the Plaintiff's claims be and are hereby **DISMISSED with prejudice**;

3.       that all pending deadlines are terminated and all pending motions are hereby **DENIED** as moot; and

4.       that the costs of this proceeding be and are hereby taxed against the Plaintiff.

A separate judgment will issue.

Done this 28th day of October, 2014.

                                            /s/Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE